**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Jason Michael Bankston, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING, IN PART,** |
| | ) | **DEFENDANTS' MOTION TO STRIKE** |
| vs. | ) | **AND DENYING PLAINTIFF'S** |
| | ) | **MOTIONS FOR DEFAULT** |
| Michael Chertoff, Secretary U.S. | ) | **JUDGMENT** |
| Department of Homeland Security; | ) | |
| Joel Gutensohn, Federal Security Director; | ) | Case No. 1:05-cv-124 |
| Jerry Anderson, ASFD for Regulatory; | ) | |
| Paul Missel, AFSD for Screening; and Lisa | ) | |
| Schauer, HR/Administrative Officer, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are four Motions for Default Judgment filed by Plaintiff Jason Bankston on February 27, 2006. Bankston seeks default judgment against Defendants Joel Gutensohn, Jerry Anderson, Paul Missel, and Lisa Schauer. Also before the Court is the Defendant Michael Chertoff's (hereafter referred to as the "Government") "Motion to Strike the Names of Joel Guetensohn, Jerry Anderson, Paul Missel, and Lisa Schauer, from the Caption and from Paragraph III of the Plaintiff's Complaint," filed on March 7, 2006. For the reasons set forth below, the Court grants, in part, the Government's motion and denies all of the plaintiff's motions.

1

## I.     BACKGROUND

On December 1, 2005, the plaintiff, Jason Bankston, filed a pro se complaint alleging several causes of action[1] arising out of his employment with the Department of Homeland Security. In his complaint, Bankston asserts that his claims were heard by the U.S. Equal Employment Opportunity Commission on June 30, 2005 and that a final agency order was issued on August 15, 2005, giving him the right to file a civil action against the Department of Homeland Security.

On January 30, 2006, the Government filed an answer, which provided in part:

> Defendant admits that Michael Chertoff, Secretary, U.S. Department of Homeland Security, is correctly identified as Defendant. Defendant avers that it is inappropriate pursuant to 28 U.S.C. § 2000e-16(c), to identify Joel Gutensohn, Jerry Anderson, Paul Missel, and Lisa Schauer as defendants in this Title VII case.

See Docket No. 9. On March 21, 2006, the Government was allowed to amend its answer to correct the citation to read 42 U.S.C. § 2000e-16(c). See Docket No. 25.

On February 27, 2006, Bankston filed four motions for default judgment asserting that defendants Gutensohn, Anderson, Missel, and Schauer had all failed to answer the complaint and that default judgment should be entered against them. On March 7, 2006, the Government filed a motion to strike defendants Gutensohn, Anderson, Missel, and Schauer from the complaint based on 42 U.S.C. § 2000e-16(c).

---

[1] Bankston's complaint alleges eleven claims: (1) wrongful termination, (2) hostile and harassing workplace, (3) violation of agency policy and regulations, (4) failure to conduct informal EEOC investigation, (5) failure to conduct required formal EEOC investigation within the mandated deadline on two separate occasions, (6) failure to conduct a unbiased or proper formal EEOC investigation, (7) violations of freedom of speech, (8) falsification of official documents pertaining to his termination, (9) failing to provide evidence pertaining to his termination, claiming false protective status of the documents/information, (10) retaliation for filing an EEOC complaint, Whistleblower Protection Act, and (11) defamation of character/slander (negative work references).

**II.     LEGAL DISCUSSION**

    **A.     GOVERNMENT'S MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of an action for, among other reasons, "failure to state a claim upon which relief can be granted." Although the Government does not specify whether its motion is based on Rule 12(f) or 12(b)(6), the Court finds will treat the motion as one brought pursuant to Rule 12(b)(6).

The standard for a district court to employ in ruling on a motion to dismiss is well-established. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). "A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." Id. (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996)). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which there is some insuperable bar to relief.'" Strand v. Diversified Collection Service, Inc., 380 F.3d 316, 317 (8th Cir. 2004) (citing Frey v. Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974))).

It is clear under the Federal Rules that it is not necessary to plead every fact with formalistic particularity. BJC Health System v. Columbia Gas. Co., 348 F.3d 685, 688 (8th Cir. 2003). "A

pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

The Government asserts that Bankston's claims against Gutensohn, Anderson, Missel, and Schauer must fail according to 42 U.S.C. § 2000e-16(c), which provides, in part, as follows:

> Within [the applicable period of time], an employee or applicant for employment, if aggrieved by the final disposition of his compliant, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Section 2000e-5 covers all claims alleging "unlawful employment practices." 42 U.S.C. § 2000e-5. Unlawful employment practices, as defined by 42 U.S.C. § 2000e-2 includes failure or refusal to hire or to discharge any individual, or to otherwise discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment or to limit, segregate, or classify an individual in any way which would deprive or tend to deprive any individuals of employment opportunities or otherwise adversely affect the individual's employment status based on the individual's race, color, religion, sex, or national origin. Unlawful employment practices also includes discrimination for making charges, testifying, assisting, or participating in an investigation into unlawful employment practices. 42 U.S.C. § 2000e-3.

In the complaint, Bankston asserts claims which undeniably fall into the category of "unlawful employment practices," such as wrongful termination, hostile and harassing workplace, and retaliation for filing an EEOC complaint. However, the compliant also alleges claims which fall outside the definition of unlawful employment practices, such as violations of freedom of speech and defamation. The Court is mindful that it must liberally construe a pro se litigant's complaint. Atkinson v. Bohn, 91 F. 3d. 1127, 1128-29 (8th Cir. 1996).

If Bankston had alleged only claims of unlawful employment practices, the Court may be inclined to strike defendants Gutensohn, Anderson, Missel, and Schauer from the compliant. However, the Court construes the complaint to also allege claims of constitutional violations and tortious acts.  While such claims may suffer from terminal procedural defects and may ultimately be the subject of subsequent motions which result in the dismissal of Gutensohn, Anderson, Missel and Schauer, the Court finds such claims are not subject to the restrictions set forth in 42 U.S.C. § 2000e-16(c).  There is no basis, at this time, to strike Gutensohn, Anderson, Missel, and Schauer from the complaint.  As a result, the Court grants, in part, the Government's motion.  The Court dismisses the unlawful employment practices claims against Gutensohn, Anderson, Missel, and Schauer, but the Court denies the portion of the Government's  motion requesting that Gutensohn, Anderson, Missel, and Schauer be stuck from the complaint.

### B.      BANKSTON'S  MOTIONS FOR DEFAULT JUDGMENT

Bankston filed four identical motions for default judgment alleging that Gutensohn, Anderson, Missel, and Schauer failed to file answers within the appropriate timeframe.  It is clear from the Government's response that it construed the complaint to allege only unlawful employment practices, and thus, sought to have defendants Gutensohn, Anderson, Missel, and Schauer stricken from the complaint.

Under Rule 55 of the Federal Rules of Civil procedure, a motion for default judgment may only be granted in those instances in which "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules."  In the ordinary course

of things, a defendant shall serve an answer within twenty (20) days after being served with a copy of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A).

It is well-established that "[b]oth the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court." U.S. on Behalf of and for Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (citing Federal Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)). This element of discretion makes it clear that the party making the request is not entitled to a default judgment as a matter of right even when the defendant is technically in default. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (3d ed. 1998). The entry of default judgment is a rare and disfavored judicial act. In re Jones Truck Line, Inc., 63 F.3d 685, 688 (8th Cir. 1995). The Eighth Circuit has also instructed that the entry of default under Rule 55(a) must precede the granting of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).

The Court notes that the Plaintiff failed to seek entry of default as contemplated under Rule 55(a) which would preclude granting judgment by default at this time. In addition, Rule 55(b)(2) provides that if the party against whom judgment by default is sought has "appeared" in the action, that party shall be served with written notice of the application for default judgment at least 3 days prior to the hearing on such application. Defendants Gutensohn, Anderson, Missel, and Schauer had "appeared" in the action (by virtue of the Government's answer) before the motion for default judgment was filed and they were not provided with such notice. Notwithstanding these defects, the Court finds that entry of default judgment is not warranted under the circumstances. The Court **DENIES** Bankston's motions for default judgment. (Docket Nos. 11, 12, 13, and 14).

**III.     CONCLUSION**

As a result, the Court **GRANTS**, in part, the Government's motion.  (Docket No. 19).  The Court **DISMISSES** the unlawful employment practices claims against Gutensohn, Anderson, Missel, and Schauer, but **DENIES** the portion of the Government's motion requesting that Gutensohn, Anderson, Missel, and Schauer be stuck from the complaint.  In addition, the Court **DENIES** Bankston's motions for default judgment.  (Docket Nos. 11, 12, 13, and 14).

**IT IS SO ORDERED.**

Dated this 29th day of March, 2006.

_____
Daniel L. Hovland, Chief Judge
United States District Court