**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Jason Michael Bankston, ) | |
| ) | **ORDER RE MOTION TO** |
| Plaintiff, ) | **COMPEL** |
| ) | |
| vs. ) | |
| ) | |
| Michael Chertoff, Secretary, U.S. ) | |
| Department of Homeland Security, et. al., ) | |
| ) | Case No. 1:05-cv-124 |
| Defendants. ) | |

Before the court is the plaintiff's *pro se* motion to compel answers to discovery, interrogatories, and production of certain documents. (Docket No. 31).

The plaintiff avers that the defendants listed six general objections to his request for discovery and refused to answer the interrogatories completely. The plaintiff states that he has in good faith attempted to confer with the defendants' attorney but has not been able to come to a resolution.

On March 1, 2006, the court ordered in its scheduling discovery order that each "party shall serve no more than 25 interrogatories, including subparts." (Docket No. 15). It also directed that no broad contention interrogatories should be used. Id. The court ordered the parties to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve a discovery dispute prior to the filing of any motions. (Docket No. 10).

The defendants assert that the plaintiff served 27 interrogators with additional sub-parts, which were generally sweeping contention styled questions.

1

The interrogatories that the defendants object to as vague and ambiguous, overly broad and unduly burdensome were:

1) Describe the agency's established Policy & Procedures, Rules & Regulations in regards to reprisal for contacting the Office of Civil Rights, Office of the TSA Ombudsman, and Supervising Officials to report a claim of a violation of a protected activity, to include complaint procedures, investigative measures, actions to be taken in the course of the investigation, measures taken to protect the complainant during the complaint procedure.

2) Describe the agency's response to the U.S. Department of Veterans Affairs' request for information regarding the termination of Jason Bankston in regards to his complaint of Violation of Veterans Preference in, to include reasons as to why no information was available to the U.S. Department of Veterans Affairs.

3) Describe the agency's response to U.S. Senator Kent Conrad's Special Assistant & Office Manager Kathleen A. Schnieder's request for information regarding the termination of Jason Bankston from the Transportation Security Administration and the refusal to offer extension of health care benefits, to include TSA's Congressional Liaison's response to Congressional Inquiry regarding these facts.

4) Describe the agency's response to Jason Bankston's request for information, answers to questions via numerous telephone calls and written requests.

5) Describe the agency's established Policy & Procedure, Rules & Regulations as they pertain to information/documentation used in the disciplinary process required by the agency in regards to demotions and terminations, to include what information/documentation was present at the time of Jason Bankston's demotion, who generated these documents, who approved these documents, was Jason Bankston make aware of these documents and afforded the opportunity to refute the contents of these said documents prior to the demotion action taking place, and who approved to demotion and the reasons for approval.

6) Describe the agency's established Policy & Procedure, Rules & Regulations as they pertain to information/documentation used in the disciplinary process required by the agency in regards to demotions and terminations, to include what information /documentation was present at the time of Jason Bankston's termination, who generated these documents, who approved these documents, was Jason Bankston made aware of these documents and afforded the opportunity to refute the contents of these said documents prior

>    to the demotion action taking place, and who approved the demotion and the reasons for approval.
>
> 7) Describe the reasoning behind the agency's blatant disregard for the required time frame for investigation and issuance of the findings of the investigation for EEOC complaints both informal and formal.
>
> 8) Identify the names, addresses, telephone number, current positions and/or current employer of all personnel involved processing of the both the informal and formal EEOC complaint filed by Jason Bankston within the TSA Office of Civil Rights, Office of Chief Counsel, and any other office with Homeland Security and the Transportation Security Administration regarding the complaint filed by Jason Bankston, to include their individual responsibilities, task performed, statements made regarding the case, documents filed/emailed/mailed.
>
> 9) Describe Tom Ridge's response to Jason Bankston's request for investigative assistance into Jason Bankston's termination from TSA, to include the reasons for actions taken, documents produced.
>
> 10) Describe the agency's reasons for the procedures used by the investigator during the formal EEOC investigation, to include reasons for TSA Office of Civil Rights not allowing the investigator to review the documents currently maintained in Jason Bankston's Official Personnel File, personnel file located in the Bismarck TSA office, and those documents that are currently maintained by Jason Bankston in regards to the current complaint and those issues that have been refused by TSA to be allowed into Jason Bankston's complaint.

The plaintiff also takes issue the defendants' general objections, but does not state what specific material he did not receive because of these objections.

The court held a mid-discovery conference on June 30, 2006, wherein the plaintiff indicated his concern with the discovery process. The United States contends the plaintiff did not contact the court to discuss the discovery dispute before filing the Motion to Compel. The court concludes, however, the plaintiff's concerns regarding the discovery issues were sufficiently raised during the mid-discovery conference to satisfy the court's requirement of a telephone conference prior to bringing any written motion to compel.

A district court has very wide discretion in handling discovery. <u>Phil Crowley Steel Corp. v. Macomber, Inc.</u>, 601 F.2d 342, 344 (8th Cir. 1979). The plaintiff exceeded the number of interrogatory questions allowed by court order. In addition, the court finds the questions objected to by the defendants to be vague and ambiguous, overly broad, unduly burdensome, and unlikely to lead to discoverable evidence. The plaintiff's motion to compel is **DENIED**.

Dated this 7th day of August, 2006.

      /s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United Stated Magistrate Judge